**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 20-CV-61526-SINGHAL/DAMIAN

CINDY SKIBINSKY,[1]

Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

Defendant.
_____/

**REPORT & RECOMMENDATION ON CROSS-MOTIONS**
**FOR SUMMARY JUDGMENT [ECF NOS. 22 AND 23]**

THIS CAUSE is before the Court on the parties' Cross-Motions for Summary Judgment, filed May 24, 2021, and June 23, 2021, [ECF Nos. 22-25].[2] Plaintiff, Cindy Skibinsky ("Plaintiff" or "Ms. Skibinsky"), seeks reversal and remand of the Decision of the Administrative Law Judge ("ALJ") denying her claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). This matter was referred to the undersigned for a Report and Recommendation by the Honorable Raag Singhal, United States District Judge. [ECF Nos. 27]. *See* 28 U.S.C. § 636(b)(1)(B).

---

[1] Plaintiff asserts that her last name is "Skibinski," and was misspelled as "Skibinksy" at the initiation of this lawsuit due to a clerical error. Defendant claims that Social Security records indicate that Plaintiff's name is correctly spelled as "Skibinsky." The undersigned will refer to Plaintiff as "Ms. Skibinsky," which is the spelling used throughout the briefing and Administrative Record.

[2] Defendant filed three identical Motions for Summary Judgment on June 23, 2021. *See* ECF Nos. 23-25. For purposes of clarity and uniformity, this Report shall only cite to the first of the filed motions [ECF No. 23].

The undersigned has reviewed the parties' briefing [ECF Nos. 22, 23], the administrative record [ECF No. 18], and all relevant authorities and is otherwise fully informed in the premises. For the reasons that follow, the undersigned recommends the Court deny Plaintiff's Motion for Summary Judgment [ECF No. 22], grant Defendant's Motion for Summary Judgment [ECF No. 23], and affirm the Decision of the ALJ.

## I.     BACKGROUND

### A.     *Ms. Skibinsky's Claims For Benefits*

On May 21, 2018,[3] Ms. Skibinsky filed applications for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). (R. 333-45). Ms. Skibinsky alleges disability beginning on January 1, 2018,[4] based on chronic posttraumatic stress disorder (PTSD), chronic anxiety, chronic depression, lumbar radiculopathy, osteoarthritis, left knee condition, scoliosis, bi-lateral baker cyst, IT band syndrome, and reverse cervical lordosis. (R. 69, 389). She was 52 years old on her alleged disability onset date, such that she fell within the definition of an individual closely approaching advanced age (50-54). (R. 11, 21). Ms. Skibinsky has at least a high school education and past work experience as an office manager and telephone solicitor. (R. 20-21).

---

[3] In their memoranda, the parties refer to the filing date as May 9, 2018, but the record reflects a filing date of May 21, 2018. (R. 333). Either way, the issue has no bearing on the issues before the Court.

[4] At the December 13, 2019, hearing before the ALJ, Ms. Skibinsky amended her alleged onset date from January 31, 2017, to January 1, 2018. (R. 68).

**B.** *Relevant Medical Evidence And Expert Opinions Regarding Ms. Skibinsky*

The issues raised by Ms. Skibinsky in her Motion for Summary Judgment are limited in scope to arguments based on the ALJ's consideration of her mental impairments.[5] Accordingly, the undersigned addresses and summarizes the relevant evidence in the record regarding Ms. Skibinsky's mental impairments.

### 1.   *Relevant Medical Evidence*

On December 7, 2017, Ms. Skibinsky underwent a mental status exam by Alexsa Alvarado, LCSW (R. 1160). Upon examination, Ms. Alvarado described Ms. Skibinsky's concentration as "focused," her thought associations as logical and coherent, her cognition as having no impairment, and her insight and judgment as "good." (R. 1160-61).

On January 2, 2018, Rolando Santos, ARNP, assessed Ms. Skibinsky and observed that Ms. Skibinsky's attention was "appropriate," her memory grossly intact, her form of thought logical and coherent, her content of thought within normal limits, her insight full, and her judgment intact. (R. 1165-66).

On January 15, 2018, Ms. Skibinsky was involuntarily admitted to Memorial Health after an alleged suicide attempt. (R. 821). She claimed she had been unable to get out of bed for the past seven months because of chronic pain that had made her depressed. *Id.* Lora Wedderburn, RN, examined Ms. Skibinsky at that time and observed that Ms. Skibinsky was alert and oriented to person, place, and time. (R. 827). Ms. Wedderburn also noted Ms. Skibinsky's mood and affect as sad and her thought process as organized. *Id.*

---

[5] As noted above, Ms. Skibinsky sought SSI and DIB benefits based on physical and mental health issues. Her mental health issues stem, at least in part, from a traumatic incident in 2013 in which Ms. Skibinsky was the victim of domestic violence at the hands of her former husband. (R. 76-79).

On January 26, 2018, Svetiana Schwartz, ARPN, examined Ms. Skibinsky and documented that Ms. Skibinsky was alert, well groomed, and cooperative; oriented to person, time, place, and situation; and that she had logical and coherent form of thought and normal content of thought with no suicidal ideations. (R. 1177).

On March 20, 2018, Mr. Santos examined Ms. Skibinsky again and assessed her as alert; with no communication barriers; oriented to person, time, place, and situation; with logical and coherent form of thought; and with normal content of thought. (R. 1184). In June 2018, Ms. Skibinsky participated in three individual outpatient therapy sessions with Tracy Klein, LCSW, who observed each session that Ms. Skibinsky had no impairment in cognition and good insight and judgment. (R. 1190, 1192, 1196).

State agency psychological consultants Drs. Janet Anguas-Keiter and Alan Harris authored mental RFC assessments of Ms. Skibinsky on July 19, 2018, and November 9, 2018, respectively. (R. 104, 134). Drs. Anguas-Keiter and Harris both opined that Ms. Skibinsky was moderately limited in her ability to maintain attention and concentration for extended periods and in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. (R. 101, 133). Drs. Anguas-Keiter and Hines found that Ms. Skibinsky had no other limitations in the area of sustained concentration and persistence and opined that Ms. Skibinsky had no limitations in the areas of understanding and memory, social interaction, and adaptation. *Id*.

Based on their assessments of Ms. Skibinsky's limitations, both State agency psychologists opined that Ms. Skibinsky could work, but was limited to unskilled work.

On October 9, 2018, Paulette Perlowin, APRN, conducted a mental status exam and found that Ms. Skibinsky had no communication barriers, was alert, was oriented to person, time, place, and situation. (R. 1206). Ms. Perlowin also observed that Ms. Skibinsky had logical and coherent form of thought and normal content of thought. *Id*. Ms. Perlowin examined Ms. Skibinsky again on December 6, 2018, and February 12, 2019, and reported similar observations. (R. 1246, 1251).

On March 28, 2019, Ms. Skibinsky was involuntarily admitted to North Shore Hospital after another alleged suicide attempt. (R. 1255).  Ms. Skibsinky reported that she had stopped taking her medications over the past three days. (R. 1256). At that time, Patrick Pinchinat, MD, examined Ms. Skibinsky and noted that she was alert, awake, and oriented to person, time, place and situation. *Id*. He further documented that at that time, her insight and judgment were impaired and her thought process was circumstantial. *Id*.

On May 1, 2019, Ms. Perlowin conducted another mental status examination and observed that Ms. Skibinsky's content of thought was within normal limits, her form of thought was logical and coherent, her attitude was cooperative, her speech was normal, and she was oriented to person, time, place, and situation. (R. 1307). However, the following day, on May 2, 2019, Ms. Perlowin authored a mental residual functional capacity ("RFC") assessment that assessed Ms. Skibinksy as "severely limited" in several areas of functioning. (R. 1270-72).

In the domain of understanding and memory, Ms. Perlowin assessed Ms. Skibinsky as markedly limited in her ability to remember locations and work-like procedures and in her ability to understand and remember very short and simple instructions. (R. 1270). Ms.

Perlowin further assessed Ms. Skibinsky with an extreme limitation in her ability to understand and remember detailed instructions. (R. 1270).

In the domain of sustained concentration and persistence, Ms. Perlowin assessed Ms. Skibinsky as markedly limited in her abilities to carry out very short and simple instruction; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance; sustain an ordinary routine without special supervision; and make simple work-related decisions. (R. 1270-1271). Ms. Perlowin further assessed Ms. Skibinsky with extreme limitations in her abilities to carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with or proximity to others without being distracted by them; and complete a normal workday and workweek without interruption from psychological-based symptoms and to perform at a consistent pace without an unreasonable number of and length of rest periods. *Id.*

In the domain of social interaction, Ms. Perlowin assessed Ms. Skibinsky as moderately to markedly limited in her ability to ask simple questions or request assistance and in her ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. (R. 1271). Ms. Perlowin further assessed Ms. Skibinsky as markedly limited in her abilities to interact appropriately with the general public; accept instructions and respond appropriately to criticism from a supervisor; and get along with co-workers or peers without distracting them or exhibiting behavioral extremes. *Id.*

Lastly, in the domain of adaptation, Ms. Perlowin assessed Ms. Skibinsky as moderately to markedly limited in her ability to respond to changes in a work setting. (R. 1272). Ms. Perlowin further assessed Ms. Skibinsky as markedly limited in her ability to be aware of normal hazards and take appropriate precautions and her ability to set realistic

goals or make plans independently of others. *Id*. Ms. Perlowin also assessed Ms. Skibinsky with extreme limitations in her ability to travel in unfamiliar places or use public transportation and her ability to tolerate abnormal levels of stress. *Id*.

Based on the foregoing, Ms. Perlowin opined that Ms. Skibinsky's impairments substantially interfere with her ability to work and that Ms. Skibinsky would not be able to work on a regular and sustained basis. *Id*.

Approximately three months after Ms. Perlowin's examination and report regarding Ms. Skibinsky's mental functioning, on August 7, 2019, Edgar Matamoros, APRN, conducted a mental status examination of Ms. Skibinsky. (R. 1310-14). Mr. Matamoros observed that Ms. Skibinsky had intact short-term memory, full insight, intact judgment, and intact fund of knowledge. (R. 1312). Her attention was "appropriate;" she had no communication barriers; she was oriented to person, time, place, and situation; her thought was logical and coherent; her speech was normal; her appearance was well-groomed; and her attitude was cooperative. (R. 1311).

### 2. *Vocational Expert Testimony*

At the hearing before the ALJ, an impartial vocational expert ("VE") testified that a person with Ms. Skibinsky's same age, education, work experience, and RFC can perform her past work experience as an office manager and telephone solicitor. (R. 85-86). When asked whether other jobs exist in significant numbers in the national economy for a person with Ms. Skibinsky's age, education, work experience, and RFC, the VE provided three representative occupations such a person could perform: ticket marker, mail clerk, and laundry folder. *Id*. The VE also testified that a person with Ms. Skibinsky's same age, education, work experience, and RFC, with the additional limitation that the individual can

only concentrate to perform simple and routine tasks, could not perform any of her past work as a telephone solicitor or office manager. (R. 87). When asked whether other jobs exist in significant numbers in the national economy for a such a person, the VE provided three representative occupations such a person could perform: mail sorter, produce sorter, and office helper. *Id.*

## II.   PROCEDURAL BACKGROUND

On May 9, 2018, Ms. Skibinsky applied for DIB and SSI benefits. (R. 156, 333-38, 339-45). Her applications were initially denied on July 19, 2018, and again, upon reconsideration, on November 11, 2018. (R. 104, 120, 136, 152), Ms. Skibinsky then requested a hearing, which was held before an ALJ on April 3, 2019. (R. 37-64). On May 25, 2019, the ALJ issued a decision finding that Ms. Skibinsky was not disabled. (R. 156-65). Ms. Skibinsky requested review of the ALJ's May 25, 2019 decision, and on May 6, 2020, the Appeals Council remanded her claims with instructions for the ALJ to (1) evaluate the evidence submitted post-hearing and consider whether it should be admitted on record; (2) further evaluate the claimant's mental impairments in accordance with the special technique described in 20 C.F.R. §§ 404.1520a and 416.920a; and (3) give further consideration to the claimant's maximum RFC during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations pursuant to Social Security Ruling ("SSR") 96-8p.  (R. 174-75).

Upon remand, the ALJ issued the Decision at issue on January 13, 2020, finding that Ms. Skibinsky has not been disabled under Sections 216(i), 223(d), or 1614(a)(3)(A) of the Social Security Act since January 1, 2018, the alleged onset date (R. 22). Ms. Skibinsky's request for review of the ALJ's January 13, 2020 Decision was denied by the Appeals

Council on July 7, 2020, rendering the ALJ's Decision as the Social Security Commissioner's "final" determination. (R. 1-7) *See* 42 U.S.C. § 405(g); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Having exhausted her administrative remedies, on July 27, 2020, Ms. Skibinsky filed the instant action seeking review of the ALJ's Decision. [ECF No. 1]. *See* 42 U.S.C. § 405(g). Thereafter, Ms. Skibinsky filed a Motion for Summary Judgment on May 24, 2021. [ECF No. 22]. Defendant, the Commissioner of the SSA ("Defendant" or the "Commissioner"), filed a Motion for Summary Judgment on June 23, 2021. [ECF No. 23]. Ms. Skibinsky did not file a reply.

Both parties' motions are ripe for adjudication.

## III.   THE SEQUENTIAL EVALUATION PROCESS

Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1328c(a)(1)-(2). A claimant is disabled if she is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C §§ 423(d)(1)(A), 1382c(a)(3)(A); *Bacon v. Comm'r of Soc. Sec.*, 861 F. App'x 315, 317 (11th Cir. 2021). A plaintiff bears the burden of proving she is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1512(a), (c), 416.912(a), (c).

The ALJ must determine whether a claimant is disabled under Sections 216(i), 223(d), or 1614(a)(3)(A) of the Act by applying the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1); *Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).

At step one of this process, the ALJ must determine whether the claimant is unable to engage in substantial gainful activity ("SGA"). *Id*. SGA is defined as work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. Generally, if a claimant's labor earnings are above a specific level set out in the regulations, it is presumed that she has demonstrated the ability to engage in SGA. 20 C.F.R. §§ 404.1574-75, 416.974-5. If a claimant can engage in SGA, the ALJ will find that she is not disabled for that period of time. 20 C.F.R. §§ 404.1571, 416.971.

At step two, the ALJ must determine whether the claimant has a severe medically determinable mental or physical impairment ("MDI") or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is severe if it significantly limits an individual's ability to perform basic work activities. *Id*. If the claimant does not have an MDI or combination of impairments that is severe, she is not considered disabled. *Id*.

At step three, the ALJ must determine whether the claimant's impairment or combination of impairments is of a severity that meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525-26; *see also* §§ 416.920(d), 416.925-26. If so, the claimant is disabled. *Id*. If not, the analysis proceeds to the next step. *Id*. Before considering step four, however, the ALJ must first determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ must make this determination while stating "with particularity the weight given to different medical opinions and the reasons therefor.*" Buckwalter v. Acting*

*Comm'r of Soc. Sec.*, 5 F.4th 1315, 1321 (11th Cir. 2021) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)).

At step four, the ALJ must determine whether the claimant can perform her past relevant work, in light of her RFC. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed (either in the manner claimant actually performed it or as it is generally performed in the national economy) within 15 years prior to the date claimant's disability must be established. 20 C.F.R. §§ 404.1560, 416.960. If the claimant has the RFC to do her past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is unable to do any of her past relevant work, the analysis proceeds to the final step.

At the fifth and final step, the ALJ must determine whether the claimant is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the claimant can do other work, she is not disabled. *Id.* If she is unable to do other work, she is disabled. *Id.* At step five, the burden temporarily shifts to the Commissioner to show the existence of other jobs in the national economy that exist in significant numbers that the claimant can perform, given her impairments. 20 C.F.R. §§ 404.1512, 404.1560(c), 416.912, and 416.960(c). The ALJ makes this determination by considering both the Dictionary of Occupational Titles ("DOT") and testimony from an impartial vocational expert ("VE"). *See Buckwalter*, 5 F.4th at 1321.

## IV.    THE ALJ's DECISION

Applying the foregoing process to Ms. Skibinsky's claim for benefits, the ALJ found at step one that Ms. Skibinsky has not engaged in substantial gainful activity since January 1, 2018, the alleged onset date, and, at step two, that Ms. Skibinsky had severe impairments

of "degenerative disc disease of the lumbar spine, left knee disorder, depression, anxiety, and posttraumatic stress disorder." (R. 13-14).

At step three of the sequential evaluation process, the ALJ determined that the severity of Ms. Skibinsky's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 14). Relevant to the issues raised by Ms. Skibinsky here, the ALJ concluded that Ms. Skibinsky's mental impairments did not meet or medically equal the criteria of listing 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma- and stressor-related disorders). *Id*. In making this finding, the ALJ considered whether the "paragraph B" criteria were satisfied. *Id*.

To satisfy the paragraph B criteria, a claimant's mental impairments must result in at least one extreme or two marked limitations in the following broad areas of functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing themselves. 40 C.F.R. Part 404, Subpart P, Appendix 1, Rule 12.00. Here, the ALJ found that Ms. Skibinsky had mild limitations in the broad areas of understanding, remembering, or applying information; interacting with others; and adapting or managing oneself. (R. 16). The ALJ further found that Ms. Skibinsky had a moderate limitation in the area of concentrating, persisting, or maintaining pace. *Id*.  The ALJ did not, however, find marked limitations in these broad areas of functioning. The limitations identified in the paragraph B criteria are used to rate the severity of mental impairments at step three of the sequential evaluation process and are not part of a claimant's RFC, which requires a more detailed assessment. Social Security Ruling (SSR) 96-8p, 1996 WL 374184 at *4.

Before proceeding to step four, the ALJ assessed Mr. Skibinsky's RFC and found that Ms. Skibinsky can perform light work with some limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416967(b) except: The claimant can occasionally climb ramps and stairs and ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel crouch, and crawl. The claimant can concentrate and persist in 2 hour segments over an 8 hour day.

(R. 17).

At step four of the sequential evaluation process, the ALJ found that Ms. Skibinsky is able to perform her past relevant work as a telephone solicitor. (R. 20, 86). In concluding that Ms. Skibinsky could perform her past relevant work, the ALJ relied on testimony from the VE that a hypothetical individual with Ms. Skibinsky's age, education, work experience, and RFC could perform her past relevant work as a telephone solicitor. *Id.*

Alternatively, at step five, the ALJ asked the VE whether jobs exist in significant numbers in the national economy that a hypothetical person with Ms. Skibinsky's limitations and RFC could perform. (R. 21, 86). The VE testified that a person with Ms. Skibinsky's RFC could work as a ticket marker, mail clerk, and laundry folder. *Id.* The ALJ also asked the VE whether jobs exist for a hypothetical person with Ms. Skibinsky's limitations, when the additional limitation, that the individual can only concentrate to perform simple and routine tasks, is included. The VE testified that jobs exist for such an individual and provided three representative occupations such a person could perform: mail sorter, produce sorter, and office helper. *Id.*

Based on the VE's testimony, the ALJ concluded that Ms. Skibinsky is capable of making a successful adjustment to other work that exists in significant numbers in the national economy and, therefore, found that she is not disabled. (R. 20-21).

## V.    APPLICABLE STANDARDS FOR
## REVIEW OF THE ALJ'S DECISION[6]

The Court's review of the ALJ's Decision is limited to determining whether it is supported by substantial evidence and whether the correct legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance. *Id.* (citations omitted); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion. *Buckwalter*, 5 F.4th at 1320. A court must defer to the ALJ's Decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it. *Id.* A court may not redecide facts, reweigh the evidence, or substitute its judgment for that of the ALJ. *Id.* Although factual findings enjoy such deference, the ALJ's legal analysis and conclusions are reviewed *de novo. Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## VI.    ISSUES RAISED IN THE PARTIES' MOTIONS

In her Motion for Summary Judgment, Ms. Skibinksy argues that the ALJ's RFC assessment is not supported by the substantial evidence of record. Mot. at 6. Specifically, Ms. Skibinsky avers that the ALJ's RFC assessment is deficient because it does not include any limitations that take into consideration the ALJ's psychiatric review technique ("PRT") finding and State agency psychologists' opinions that Ms. Skibinsky had a "moderate" limitation in her ability to concentrate, persist, or maintain pace. *Id.* at 6-7. It follows, according to Ms. Skibinsky, that the ALJ also failed to incorporate these limitations into the

---

[6] The standard of review in SSI cases is the same as the standard for DIB cases. 42 U.S.C. § 1383c(3). Consequently, the case law addressing DIB cases is generally applicable to SSI cases.

hypothetical posed to the VE. *Id.* at 10. As such, Ms. Skibinsky also argues that the VE's testimony does not constitute substantial evidence upon which the ALJ could properly rely in denying her claim. *Id.* at 10. Ms. Skibinsky argues, in addition, that the ALJ failed to properly assess the opinion evidence of Paulette Perlowin, A.P.R.N., who assessed Ms. Skibinksy as having marked and extreme limitations in several areas and being unable to work on a regular and sustained basis. *See id.* at 11-18.

Ms. Skibinksy submits that these issues warrant reversal of the ALJ's Decision or, alternatively, remand with instructions for the ALJ to properly assess her RFC and the opinion evidence of record. *Id.* at 19.

The Commissioner responds, in her Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment, that Ms. Skibinsky's arguments regarding alleged deficiencies in the ALJ's RFC assessment fail because Ms. Skibinksy cannot show any harm due to the ALJ's alternate step five finding that Ms. Skibinsky could perform unskilled jobs existing in significant numbers in the national economy. Resp. at 6-7. The Commissioner also argues that the ALJ gave due consideration to Ms. Perlowin's opinion in light of the objective evidence of record. *Id.* at 16-18.

## VII.   DISCUSSION

### A.   *Whether the ALJ's RFC Is Supported By Substantial Evidence.*

Ms. Skibinsky argues that the ALJ erred in assessing her RFC because the ALJ considered her only mental limitations to include her ability to "concentrate and persist in 2 hour segments over an 8 hour day." Mot. at 7 (citing R. 17). According to Ms. Skibinksy, despite finding that the State agency psychologists' opinions were persuasive, the ALJ failed to incorporate the State agency psychologists' opinions, that Ms. Skibinksy had moderate

limitations in the area of concentrating, persisting, or maintaining pace, in her RFC assessment. *Id*. at 8. Ms. Skibinsky also argues that the ALJ failed to consider her own PRT rating of Ms. Skibinsky's mental impairments. *Id*. at 6. Thus, Ms. Skibinsky claims the ALJ's RFC is deficient because it does not take into account all of Ms. Skibinsky's limitations arising from all of her impairments. *Id*. at 10.

### 1.   *The ALJ's Consideration of the State Agency Psychologists' Opinions*

In support of her argument that the ALJ failed to give due consideration to the State agency psychologists' opinions in assessing her RFC, Ms. Skibinksy argues that two issues raised in the Appeal Council's Order remanding the first decision were not remedied by the ALJ in the Decision at issue: (1) the ALJ did not adequately evaluate the State agency psychologists' opinions; and (2) the ALJ's finding that Ms. Skibinksy is capable of skilled and semi-skilled past relevant work is inconsistent with the State agency psychologists' opinions limiting her to unskilled work. *Id*. at 7-8. Ms. Skibinsky asserts that because these issues were not resolved in the January 13, 2020 Decision, that Decision, like the ALJ's May 19, 2019 decision, does not fully reflect the non-exertional limitations found in the record. *See id*. at 9.

The undersigned addresses both of these issues below:

### (a)   *The ALJ's Evaluation of the State Agency Psychologists' Opinions*

In its Order remanding the ALJ's first decision, the Appeals Council indicated that "the decision does not contain an adequate evaluation of the opinions from the state agency psychological consultants." (R. 174). Specifically, the Appeals Council noted that, despite the State agency psychologists' opinions that Ms. Skibinksy had moderate difficulties in concentrating, persisting, or maintaining pace and the ALJ finding that these opinions were

persuasive and consistent with the record, the ALJ's first decision did not "reconcile the weight allowed to these opinions with the dissimilar finding [in the first decision] of mild limitations in concentrating, persisting, or maintaining pace, assessed under the [PRT analysis]." (R. 174 (alterations added)).

Ms. Skibinsky argues that the "the ALJ's first and second decision rationales for finding the State agency psychological consultants' opinions were 'persuasive' are essentially identical," and, therefore, the Decision now before the Court, like the first decision, fails to fully reflect all the nonexertional limitations supported by the record. Mot. at 7.

The undersigned agrees that the ALJ's rationale for finding the State agency psychologists' opinions persuasive is nearly identical in the two decisions. *Compare* R. 163 to R. 19. However, the issue raised by the Appeals Council was not the ALJ's rationale for finding the State agency psychologists' opinions persuasive, but, instead, was the lack of reconciliation between "the weight allowed to these opinions with the dissimilar finding [in the ALJ's PRT analysis] of mild limitations in concentrating persisting or maintaining pace[.]" (R. 174) (alterations added).

Unlike the first decision, in which the ALJ assessed Ms. Skibinksy with mild limitations in concentrating, persisting, or maintaining pace, in the Decision at issue, the ALJ assessed Ms. Skibinsky with moderate limitations in concentrating, persisting, or maintaining pace—the same degree of limitations found in the State agency psychologists' opinions. *Compare* R. 160 with R. 16. Because the ALJ assessed the same level of limitations in the area of concentrating, persisting, or maintaining pace as found by the State agency psychologists, there was nothing to reconcile between the State agency psychologists'

opinions and the ALJ's PRT analysis. Therefore, Ms. Skibinsky's argument on this point is not supported by the record.

> **(b)    The ALJ's Finding Regarding Claimant's Ability To Perform Past Relevant Work**

As discussed above, the State agency psychologists found Ms. Skibinksy was limited to unskilled work because of her impairments. (R. 103, 135). Despite the State agency psychologists' opinions limiting Ms. Skibinsky to unskilled work, the ALJ, in the first decision, found Ms. Skibinsky capable of performing her past skilled work as an office manager and her past semi-skilled work as a telephone solicitor. (R. 163). The Appeals Council noted in its Order remanding the first decision that a finding by the ALJ that Ms. Skibinksy is "capable of skilled and semi-skilled past relevant work" is "incongruent with the state psychological consultants' opinion limiting her to unskilled work." (R. 174 n.2).

After remand, in the Decision at issue, the ALJ found that Ms. Skibinsky is capable of performing her past relevant work as a telephone solicitor, which the ALJ incorrectly lists as being unskilled work with an SVP (Specific Vocational Preparation) of 3. (R. 20). An SVP of 3 corresponds to "semi-skilled work" as opposed to "unskilled work." SSR 00-4P, 2000 WL 1898704 at *3. Notably, the VE testified (correctly) that Ms. Skibinsky's past work as a telephone solicitor was semi-skilled work and that a hypothetical individual who could only "concentrate to perform simple tasks," or, in other words, could only perform unskilled work, could not perform Ms. Skibinsky's past relevant work as a telephone solicitor. (R. 87); *see* 20 C.F.R. §§ 404.1568, 416.968 ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. . . . Semi-skilled work is work which needs some skills but does not require doing the more complex work duties."). Because work as a telephone solicitor is semi-skilled work, the

undersigned finds that the ALJ's finding in the Decision at issue that Ms. Skibinsky, who can only perform unskilled work, could perform her past relevant work as a telephone solicitor is not supported by substantial evidence.

However, the analysis does not end there. In Defendant's Motion for Summary Judgment, the Commissioner argues that any deficiencies in the ALJ's step four finding were harmless in light of the ALJ's alternate step five finding that Ms. Skibinksy could perform unskilled jobs existing in significant numbers in the national economy. Resp. at 6-7. The Commissioner further argues that Ms. Skibinsky has not established that her mental impairments preclude her from performance of the unskilled jobs identified by the VE and ALJ. *Id.* at 9.

### (c)     The ALJ's Step Five Finding And Claimant's Ability To Perform Unskilled Work

At the hearing, the ALJ asked the VE whether jobs exist in significant numbers in the national economy for a hypothetical individual with Ms. Skibinsky's age, education, work experience, and RFC, with the additional limitation that the individual could only "concentrate to perform simple tasks." (R. 87). As noted above, this limitation is consistent with the ability to perform unskilled work. The VE testified that such an individual could perform the unskilled jobs of mail sorter, produce sorter, and office helper. (R. 87). Based on the VE's testimony, the ALJ made an alternative step five finding that Ms. Skibinsky could perform those unskilled jobs. (R. 21). Thus, although the ALJ made a finding, unsupported by the record, that Ms. Skibinsky could perform semi-skilled work, that was not the only finding made by the ALJ regarding work she is capable of performing. The undersigned finds that the ALJ's alternative finding, based on Ms. Skibinsky's ability to perform unskilled work, is consistent with the record.

19

In the Motion for Summary Judgment, Ms. Skibinsky does not assert any arguments regarding the ALJ's alternate step five finding, and, therefore, she has waived any argument based on that finding. *See Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (holding claimant waived arguments by not expressly challenging ALJ's findings); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding claimant waived issue because he did not elaborate on issue or cite any authority for it).

Nevertheless, review of the medical evidence in the record reflects that the ALJ's finding that Ms. Skibinsky can perform the unskilled jobs identified above is supported by the record. "When medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Winschel*, 631 F.3d at 1180.

Here, the medical evidence, which is set forth in the ALJ's Decision, shows that Ms. Skibinsky can at least perform unskilled work. Mental status examinations show, generally, that Ms. Skibinsky's memory was intact; testing did not reveal deficits in concentration, attention, or focus; her thought content and thought processes remained intact; and she was oriented to person, place, time and situation. *See, e.g.* R. 16, 20, 1160, 1165-66, 1177, 1180-81, 1184, 1206, 1246, 1251, 1307, 1311. For example, as discussed above, treatment notes from Ms. Alvarado describe Ms. Skibinsky's concentration as "focused," her thought associations as logical and coherent, her cognition as having no impairment, and her insight and judgment as "good." (R. 1160-61). Mr. Santos observed, on two separate occasions, that Ms. Skibinsky's attention was "appropriate," her memory grossly intact, her form of thought logical and coherent, her content of thought within normal limits, her insight full,

her judgment intact, and her communication without barriers. (R. 1165-66, 84). Ms. Schwartz documented that Ms. Skibinsky had coherent form of thought and normal content of thought. (R. 1177). Ms. Klein observed on three separate occasions that Ms. Skibinsky had good insight and judgment and no impairment in cognition. (R. 1190, 1192, 1196). And Mr. Matamoros observed that Ms. Skibinsky had intact short-term memory, full insight, intact judgment, intact fund of knowledge, appropriate attention, no communication barriers, and logical and coherent thought.  (R. 1311-12).

 In addition, the ALJ observed that Ms. Skibinsky was able to obtain her real estate license in 2017, traveled independently, drove, and managed her own finances (R. 16, 20, 71-72, 75, 406).

Finally, the State agency psychologists found that Ms. Skibinsky could perform unskilled work despite her moderate limitations in concentration, persistence, and pace. (R. 101-03, 133-35). In her Motion, Ms. Skibinsky emphasizes the State agency psychologists' findings limiting her to unskilled work (*see* Mot. at 7-9), and she does not dispute or challenge those assessments.

As set forth above, the medical evidence of record demonstrates that Ms. Skibinsky is able to engage in unskilled work, and Ms. Skibinsky does not argue otherwise. Therefore, the undersigned finds that the ALJ's alternate step five finding that Ms. Skibinsky is able to perform unskilled work is supported by substantial evidence, and, therefore, any errors in the ALJ's RFC assessment and step four finding are harmless.

**2.   _The ALJ's Consideration Of Paragraph B Criteria Limitations_**

Ms. Skibinsky contends that the ALJ's RFC assessment is deficient because the mental limitations in the RFC assessment indicating that she can "concentrate and persist in

2 hour segments over an 8 hour day" do not adequately address the moderate limitations in concentrating, persisting, or maintaining pace found in the ALJ's PRT analysis. *See* Mot. at 6. In support, Ms. Skibinksy points to another issue raised in the Appeal Council's Order remanding the first decision that she claims was not remedied in the Decision at issue—that is, that the ALJ's RFC assessment that Ms. Skibinksy could "concentrate and persist for 2-hour segments over an 8-hour workday" does not address her moderate limitations in concentrating, persisting or maintaining pace. *Id.* at 8; *see* R. 174 n.2.

In the January 13, 2020 Decision, the ALJ found that Ms. Skibinksy had a moderate limitation in concentrating, persisting, or maintaining pace but still assessed her with the ability to "concentrate and persist in 2 hour segments over an 8 hour day[,]" despite the Appeals Council indicating that such ability is not consistent with moderate limitations in concentrating, persisting, or maintaining pace. (R. 16-17). On this point, the undersigned agrees that the ALJ failed to rectify her findings in her second Decision with the Appeals Council's Order. And in the Response to the Motion for Summary Judgment, the Commissioner does not attempt to reconcile the ALJ's Decision with the Appeals Council's Order.

Nevertheless, as discussed above, any error in the ALJ's RFC assessment is harmless in light of the ALJ's alternate step five finding—supported by substantial evidence—that Ms. Skibinsky could perform unskilled jobs, like mail sorter, produce sorter, and office helper. *See Winschel*, 631 F.3d at 1180 (holding that unskilled work sufficiently accounts for moderate limitations in concentration, persistence, and pace "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace"). Ms. Skibinsky did not challenge the

ALJ's alternate step five finding and waived her ability to do so by not raising any such issues in her brief. *Outlaw*, 197 F. App'x at 828 n.3 (finding claimant waived issue because he did not elaborate on issue or cite any authority for it).

In short, although the ALJ's finding that Ms. Skibinsky is able to concentrate and persist in 2 hour segments over an 8 hour day is inconsistent with moderate limitations in concentrating, persisting and maintaining pace, any resulting error is harmless because the ALJ's alternate finding that Ms. Skibinsky is capable of performing unskilled jobs is supported by the record.

For the foregoing reasons, the undersigned recommends the Court deny Ms. Skibinsky's Motion for Summary Judgment to the extent the Motion is based on her claim that substantial evidence does not support the ALJ's RFC assessment because Ms. Skibinsky has failed to meet her burden of showing harm from any errors in the ALJ's RFC assessment. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

**B.      *Whether The VE's Testimony Constitutes Substantial Evidence***

On a related point, Ms. Skibinksy also argues that the ALJ failed to incorporate all of Ms. Skibinsky's limitations, including her moderate limitation in concentrating, persisting, and maintaining pace from the ALJ's PRT analysis, into the hypothetical questions posed to the VE. *See* Mot. at 10. As such, Ms. Skibinsky argues that the VE's testimony was based on deficient hypotheticals and does not constitute substantial evidence upon which the ALJ could rely in finding she is not disabled. *Id*.

In support of this argument, Ms. Skibinsky relies on the Eleventh Circuit decision in *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011). The *Winschel*

decision does not support Ms. Skibinsky's argument on this point. In *Winschel*, the Eleventh Circuit addressed the issue of whether a hypothetical question to a VE must specifically account for a moderate limitation in concentration, persistence, and pace identified during the ALJ's PRT analysis. *Id.* at 1180. The Eleventh Circuit noted, "Other circuits have rejected the argument that an ALJ generally accounts for a claimant's limitation in concentration, persistence, and pace by restricting the hypothetical [to the VE to] simple, routine tasks or unskilled work." *Id.* However, the court held that restricting a hypothetical to "simple, routine tasks or unskilled work" does sufficiently account for a limitation in concentration, persistence, and pace "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace" or when the hypothetical "otherwise implicitly account[s] for these limitations." *Id.* (alteration added).

The Eleventh Circuit has repeatedly cited that portion of its decision when finding that a limitation to unskilled work accounts for moderate limitations in concentration, persistence, and pace, if supported by the record. *See, e.g., Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x. 604, 612 (11th Cir. 2015) (quoting *Winschel*, 631 F. 3d at 1180); *Carpenter v. Comm'r of Soc. Sec.*, 614 F. App'x 482, 490 (11th Cir. 2015) (no error in accommodating moderate limitations in concentration, persistence, and pace where evidence showed claimant could perform unskilled work); *see also Luterman v. Comm'r of Soc. Sec.*, 518 F. App'x 683, 690 (11th Cir. 2013) (no error in hypothetical where medical evidence showed claimant could perform simple, one, and two step tasks); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 951 (11th Cir. 2013) (no error in hypothetical that fully

accounted for moderate difficulties in concentration, persistence, and pace by limiting claimant to one to three step non-complex tasks).

Here, the medical evidence shows that Ms. Skibinsky can at least perform unskilled work, and, as discussed above, Ms. Skibinsky does not challenge that finding. As detailed above and discussed in the ALJ's Decision, mental status examinations generally show that Ms. Skibinsky's memory was intact; testing did not reveal deficits in concentration, attention, or focus; her thought content and thought processes remained intact; and she was oriented to person, place, time and situation. *See, e.g.* R. 16, 20, 1160, 1165-66, 1177, 1180-81, 1184, 1206, 1246, 1251, 1307, 1311. Treatment notes from Ms. Alvarado, Mr. Santos, Ms. Schwartz, Ms. Klein, and Mr. Matamoros describe Ms. Skibinsky's concentration as "focused," her thought associations as logical and coherent, her cognition as having no impairment, her communication skills as having no barriers, and her insight and judgment as "good." (R. 1160-61, 1165-66,1177, 1184, 1190, 1192, 1196, 1310-14). And the State agency psychologists found that Ms. Skibinsky could complete simple, routine tasks and "more complex tasks" despite her moderate limitations in concentration, persistence, and pace. (R. 101-02, 133-34). Thus, the medical evidence of record demonstrates that Ms. Skibinsky can engage in simple, routine tasks or unskilled work despite her moderate limitations in concentration, persistence and pace. *See Winschel*, 641 F.3d at 1180.

As such, the ALJ's hypothetical posed to the VE adequately accounted for Ms. Skibinsky's moderate limitations in concertation, persistence, and pace. Therefore, Ms. Skibinsky has not established that the VE's testimony is not substantial evidence on which the ALJ could properly rely.

**C.**     *Whether The ALJ Properly Assessed Ms. Perlowin's Opinion*

Lastly, Ms. Skibinsky argues the ALJ failed to properly assess the opinion evidence of Paulette Perlowin, A.P.R.N. Mot. at 11. In response, the Commissioner argues that the ALJ reasonably found Ms. Perlowin's statement unpersuasive and unsupported by the record, including Ms. Perlowin's own treatment notes. Resp. at 16-17.

**1.**     <u>*Ms. Perlowin's RFC Assessment*</u>

On May 2, 2019, Ms. Perlowin authored a mental RFC assessment that assessed Ms. Skibinksy as severely limited in several areas of functioning.

In the domain of understanding and memory, Ms. Perlowin assessed Ms. Skibinsky as markedly limited in her ability to remember locations and work-like procedures and in her ability to understand and remember very short and simple instruction. (R. 1270). Ms. Perlowin further assessed Ms. Skibinsky with an extreme limitation in her ability to understand and remember detailed instruction. *Id.*

In the domain of sustained concentration and persistence, Ms. Perlowin assessed Ms. Skibinsky as markedly limited in her abilities to carry out very short and simple instruction; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance; sustain an ordinary routine without special supervision; and make simple work-related decisions. (R. 1270-1271). Ms. Perlowin further assessed Ms. Skibinsky with extreme limitations in her abilities to carry out detailed instruction; maintain attention and concentration for extended periods; work in coordination with or proximity to others without being distracted by them; and complete a normal workday and work week without interruption from psychological based symptoms and to perform at a consistent pace without unreasonable number of and length of rest periods. *Id.*

In the domain of social interaction, Ms. Perlowin assessed Ms. Skibinsky as moderately to markedly limited in her ability to ask simple questions or request assistance and in her ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. (R. 1271). Ms. Perlowin further assessed Ms. Skibinsky as markedly limited in her abilities to interact appropriately with the general public; accept instructions and respond appropriately to criticism from a supervisor; and get along with co-workers or peers without distracting them or exhibiting behavioral extremes. *Id*.

And, in the domain of adaptation, Ms. Perlowin assessed Ms. Skibinsky as moderately to markedly limited in her ability to respond to changes in a work setting. (R. 1272). Ms. Perlowin further assessed Ms. Skibinsky as markedly limited in her ability to be aware of normal hazards and take appropriate precautions and in her ability to set realistic goals or make plans independently of others. *Id*. Ms. Perlowin also assessed Ms. Skibinsky with extreme limitations in her ability to travel in unfamiliar places or use public transportation and in her ability to tolerate abnormal levels of stress. *Id*.

Accordingly, Ms. Perlowin opined that Ms. Skibinsky's impairments substantially interfere with her ability to work and that Ms. Skibinsky would not be able to work on a regular and sustained basis. *Id*.

### 2. *The ALJ's Consideration Of Ms. Perlowin's RFC Assessment*

The ALJ found Ms. Perlowin's opinion to be highly restrictive and not consistent with Ms. Perlowin's own objective findings or the record as a whole. *Id*. at 20. The undersigned agrees.

First, notes from mental status exams conducted by Ms. Perlowin are not consistent with the marked and extreme limitations indicated in her RFC. "A marked limitation

means that the claimant's 'functioning in th[e] area independently, appropriately, effectively, and on a sustained basis is seriously limited'. . . . [A]n extreme limitation means that the claimant is 'not able to function in this area independently, appropriately, effectively, and on a sustained basis.'" *Pinckney v. Comm'r of Soc. Sec.*, 853 F. App'x 347, 350 (11th Cir. 2021) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(F)(2)) (alterations added)). Whereas Ms. Perlowin assessed Ms. Skibinksy with marked and extreme limitations in all areas of functioning in her RFC assessment, Ms. Perlowin's previous assessment of Ms. Skibinksy indicate no communication barriers and logical and coherent form of thought. (December 6, 2018 mental health notes (R. 1246)). In other, more recent, mental status exams performed on February 12 and May 1, 2019 (the day before her RFC assessment of Ms. Skibinksy), Ms. Perlowin assessed Ms. Skibinsky as alert with no communication barriers and with logical and coherent form of thought. (R. at 1251, 1307). As the ALJ found, Ms. Perlowin's treatment notes leading up to her RFC are not consistent with the findings set forth in her RFC of marked and extreme limitations in all areas of functioning.[7]

Second, as the ALJ also points out in her Decision, treatment records from other providers similarly show generally unremarkable mental status examinations. Specifically, the mental status exams in the record from December 2017 to December 2018 assess Ms. Skibinksy as alert and focused, with appropriate mood, logical and coherent thought

---

[7] Ms. Skibinsky argues that the ALJ erred in finding that Ms. Perlowin's treatment notes are inconsistent with her RFC assessment and, in support, relies on her own subjective complaints to Ms. Perlowin. *See* Mot. at 15-17. However, treatment notes that list a claimant's subjective complaints do not constitute medical opinions. *Machicote v. Comm'r of Soc. Sec.*, No. 6:20-CV-1907-GKS-EJK, 2022 WL 769997, at *3 (M.D. Fla. Jan. 3, 2022), *report and recommendation adopted*, No. 6:20-CV-1907-GKS-EJK, 2022 WL 768017 (M.D. Fla. Mar. 14, 2022). Moreover, as the ALJ correctly pointed out, Ms. Skibinsky's statements about her symptoms are also inconsistent with the medical evidence in the record, which shows "essentially benign" mental status examinations. (R. 18).

associations, good insight, and no impairments to cognition or communication barriers. (R. 1160-61, 1165-66, 1177, 1180, 1184, 1196, 1246). Another mental status exam conducted by Edgar Ivan Matamoros, APRN, on August 7, 2019—a few months after Ms. Perlowin's RFC assessment—assessed Ms. Skibinksy with intact short-term memory, full insight, intact judgment, logical and coherent form of thought, alert state of consciousness, and no communication barriers. (R. 1311-12). Thus, Ms. Perlowin's RFC assessment is inconsistent with the other examiners' findings in the record.

Finally, Ms. Perlowin's RFC assessment is not consistent with the opinions of the State agency psychologists, who found Ms. Skibinsky had no limitations in the domains of understanding and memory, social interaction, and adaption, and moderate limitations in the domain of sustained concentration and persistence. (R. 101, 117-118, 133).

"The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (2017). Here, Ms. Perlowin's opinion is an outlier in the record, and, therefore, the undersigned finds the ALJ did not err when finding the opinion not persuasive.

The undersigned finds Ms. Skibinksy's reliance on the Eleventh Circuit's unpublished opinion in *Castro v. Acting Comm'r of Soc. Sec.* 783 F. App'x 948 (11th Cir. 2019), unpersuasive. In *Castro*, the Eleventh Circuit found that an ALJ's conclusion that a psychiatrist's treatment notes were inconsistent with his opinion regarding the claimant's ability to work was not supported by substantial evidence. *Id.* at 956. According to the court, "no reasonable person would accept the conclusion that the observations in the treatment

notes contradicted [the psychiatrist's] opinions" because the psychiatrist's treatment notes reflected his observations in a medical environment, while his assessment opined about the claimant's abilities "to do work-related activities on a day-to-day basis in a regular work setting." *Id*. The Eleventh Circuit remanded the ALJ's decision, in part, because the ALJ failed to identify any inconsistency between the psychiatrist's medical opinion and the medical record. *Castro*, 783 F. App'x at 956.

*Castro* is factually distinguishable from the present case because, here, the ALJ relied on opinions formed in medical environments, as well as evidence of Ms. Skibinksy's functioning outside the treatment room, in finding Ms. Perlowin's opinion unpersuasive (R. 20, 71-72, 75). *See Fernandez Rodriguez v. Saul*, No. 18-24554, 2020 WL 1692105, at *3 (S.D. Fla. Feb. 12, 2020) (Altonaga, J.) (distinguishing *Castro* because the ALJ relied, in part, on evidence of the plaintiff's functioning outside of the treatment room); *Benavides v. Saul*, 19-22669, 2020 WL 5411290, at *1 (S.D. Fla. Sept. 9, 2020) (Martinez, J.) (same). Specifically, in addition to the findings of the other mental health examiners and Ms. Perlowin's prior notes, the ALJ also considered the record evidence that Ms. Skibinsky was able to obtain her real estate license in 2017, traveled independently, drove, and maintained her own finances. (R. 16, 20, 71-72, 75).

Moreover, it is also noteworthy that *Castro* was decided under the prior SSA regulations, under which an ALJ was required to provide great weigh to a treating provider's medical opinion. *See Castro*, 783 F. App'x at 955-98 (applying 20 C.F.R. §§ 404.1527(c); 416.927(c); *see also id*. at 958 ("Because Hassan was a treating provider, the ALJ was required to give his opinions great weight unless good cause existed."). Under the new regulations, however, an ALJ "will not defer or give any specific evidentiary weight,

including controlling weight," to any medical opinions. *See* 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b) (2017); 82 Fed. Reg. at 5853.

Thus, Ms. Skibinsky has not established that the ALJ failed to give due consideration to Ms. Perlowin's assessment.

Accordingly, based on the foregoing, to the extent Ms. Skibinsky's Motion is based on the ALJ's alleged failure to consider the opinion of Ms. Perlowin, the undersigned recommends the Motion be denied.

## VIII.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above and based on the record before this Court, the undersigned finds that Ms. Skibinsky has failed to demonstrate that the ALJ's Decision was not supported by substantial evidence.

Accordingly, the undersigned respectfully recommends that the Decision of the Commissioner be **AFFIRMED**, that Plaintiff's Motion for Summary Judgment [ECF No. 22] be **DENIED**, and that Defendant's Motion for Summary Judgment [ECF No. 23] be **GRANTED**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Raag Singhal, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 8th day of

May 2023.

_____

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Raag Singhal, *U.S. District Judge*
Counsel of Record