UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-61526-CIV-SINGHAL

CINDY SKIBINSKI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law ("Plaintiff's Motion for Summary Judgment") (DE [22]) and Defendant's Motion for Summary Judgment with Supporting Memorandum of Law and Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Motion for Summary Judgment") (DE [23]).[1] In this case, Plaintiff Cindy Skibinski[2] ("Plaintiff") seeks reversal and remand of the Decision of the Administrative Law Judge ("ALJ") denying her claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). This case was referred to the Honorable Melissa Damian, United States Magistrate Judge ("Judge Damian"), for a ruling on all pre-trial, non-dispositive matters, and a report and recommendation on any dispositive matters, pursuant to 28 U.S.C. § 636 and Local

---

[1] Defendant filed three identical Motions for Summary Judgment on June 23, 2021. See (DE [23], [24], [25]). For purposes of clarity and uniformity, this Order will only address the first of the filed motions, and the rest will be denied as moot.
[2] Plaintiff asserts that her last name is "Skibinski," and was misspelled as "Skibinksy" at the initiation of this lawsuit due to a clerical error. Defendant claims that Social Security records indicate that Plaintiff's name is correctly spelled as "Skibinsky." This Court will refer to Plaintiff as Plaintiff.

Magistrate Judge Rule 1.  Both parties moved for summary judgment, and the instant motions are ripe for adjudication.

Judge Damian issued a Report & Recommendation on Cross-Motions for Summary Judgment [ECF Nos. 22 and 23] ("Report & Recommendation") (DE [28]) on May 8, 2023.  In the Report & Recommendation (DE [28]), Judge Damian recommends Plaintiff's Motion for Summary Judgment (DE [22]) be denied, Defendant's Motion for Summary Judgment (DE [23]) be granted, and the Administrative Law Judge's ("ALJ") decision be affirmed.  Plaintiff's Objections to the Magistrate Judge's Report and Recommendations ("Plaintiff's Objections") (DE [29]) were timely filed on May 22, 2023.  The Court did not order a reply; however, Defendant filed a Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Defendant's Response") (DE [30]) on June 2, 2023.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's report and recommendations for clear error if no objections are filed to the report, and it may "accept, reject, or modify" the findings and recommendations.  28 U.S.C. § 636(b)(1).  On the other hand, if a party files objections, the district court must determine de novo any part of the magistrate judge's disposition that is the subject of a proper objection.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).   The Court has carefully reviewed the Report & Recommendation (DE [28]), the competing motions for summary judgment, Plaintiff's Objections (DE [29]), Defendant's Response (DE [30]), the record in this case, the applicable law, and is otherwise fully advised.  In addition, the Court has conducted a *de novo* review of the Report & Recommendation (DE [28]) in light of the Plaintiff's Objections (DE [29]).  *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C.

§ 636(b)(1)); *see also Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court finds Judge Damian's Report & Recommendation (DE [28]) to be well-reasoned and the analysis contained therein to be correct.

## I.   BACKGROUND

There is no need to rework the facts and background well-articulated by Judge Damian. This Court adopts Judge Damian's description of the administrative history and the record below as set forth in the Report & Recommendation (DE [28]), and incorporates that background by reference herein.

## II.   LEGAL STANDARD

Judicial review of the ALJ Decision is limited to whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Lewis*, 125 F.3d at 1439); *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (stating that substantial evidence is "more than a mere scintilla, but less than a preponderance") (internal quotation and citation omitted). A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted); *Packer v. Comm'r of Soc. Sec.*, 542 Fed. Appx. 890, 891 (11th Cir. 2013) ("[W]e may not reweigh the evidence or substitute our judgment

3

for that of the ALJ.") (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Even if evidence preponderates against the ALJ Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). Critical to the Court's review of the Report & Recommendation (DE [25]) in this case, courts "may not reweigh the evidence or decide facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence . . . ." *Baez v. Comm'r of Soc. Sec.*, 657 Fed. Appx. 864, 868 (11th Cir. 2016) (citing *Dyer*, 395 F.3d at 1210); *see also Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].") (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). In contrast, review of the ALJ's application of legal principles is plenary. *See Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995).

## III.   DISCUSSION

Upon conducting a *de novo* review, the Court finds Judge Damian's Report & Recommendation (DE [28]) to be well reasoned and correct, and the Court agrees with the analysis set forth therein. In response to the Report & Recommendation (DE [28]), Plaintiff reasserts her arguments as set forth in her Motion for Summary Judgment (DE [22]) and asserts the following Objections (DE [29]): (1) whether the ALJ'S RFC finding is supported by the substantial evidence of record; and (2) whether the ALJ properly assessed the opinion evidence of record.

These objections are due to be overruled. First, while Plaintiff's objections are well articulated, they are improper because they largely expand upon and reframe arguments already presented and considered by Judge Damian in the Report & Recommendation (DE [28]), or they simply disagree with the Report's conclusions. Indeed, the issues raised in Plaintiff's Objections (DE [29]) are already addressed in the Report & Recommendation (DE [28]). It is well settled that an objecting party may not "submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

> "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 Fed. Appx. at 783–84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 Fed. Appx. at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

5

*Borges v. Berryhill*, No. 17-22114-CIV, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018), *aff'd sub nom. Borges v. Comm'r of Soc. Sec.*, 771 Fed. Appx. 878 (11th Cir. 2019).  The Objections (DE [29]) lack specificity regarding the Report & Recommendation's (DE [28]) alleged errors instead merely reframe arguments already presented to the Court.  Instead, Plaintiff reasserts the ALJ's RFC finding is not supported by the substantial evidence of the record.  *See* (Mot. (DE [22]) at 6–10); *compare with* (Obj. (DE [29]) at 1–5).  Additionally, Plaintiff reasserts the argument that the ALJ's decision is devoid of any substantive rationale sufficient to warrant a finding that A.R.N.P. Perlowin and Dr. Reyes's treating source opinions were "not persuasive."  (Obj. (DE [29]) at 6); *see also* (Mot. (DE [22]) at18).

Second, Plaintiff's Objections (DE [29]) must be overruled because each objection, in essence, requests that this Court "reweigh the evidence or decide facts anew," rather than affording the requisite amount of deference to the ALJ's Decision, where supported by substantial evidence in the record.  *Baez*, 657 Fed. Appx. at 868 (citing *Dyer*, 395 F.3d at 1210); *see also Bloodsworth*, 703 F.2d at 1239 ("In reviewing claims brought under the Social Security Act, [the courts'] role is a limited one. [It] may not decide the facts anew, reweigh the evidence, or substitute [it's] judgment for that of the Secretary.").  Thus, Plaintiff's Objections (DE [29]) that the ALJ committed error, that it was not harmless, and that she adequately preserved the issue in her motion for summary judgment is unavailing.  The Court should affirm the ALJ Decision where, as here, "the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (internal quotations and citations

omitted); *see also Fiebel v. Comm'r of Soc. Sec.*, No. 18-80642, 2019 WL 4694220, at *1 (S.D. Fla. Aug. 15, 2019). Judge Damian's Report & Recommendation (DE [28]) discusses in detail the relevant (and irrelevant) evidence considered in the ALJ Decision, and upon an independent review of the record, the Court agrees with the Report's reasoning, conclusions, and recommendations. Plaintiff's Objections (DE [29]) are therefore overruled.

Finally, the Court finds there is substantial evidence supporting the ALJ's determination that Plaintiff is not disabled. "After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir. 2009). Plaintiff fails to show any deficiency with Judge Damian's review of the evidence or analysis of the controlling law. Instead, Plaintiff merely restates arguments made in the motions before this Court and disagrees with the Magistrate Judge's conclusions, which is not a proper form of objection. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Report & Recommendation on Cross-Motions for Summary Judgment [ECF Nos. 22 and 23] (DE [28]) is **AFFIRMED** and **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law (DE [22]) is **DENIED**.

3. Defendant's Motion for Summary Judgment with Supporting Memorandum of Law and Opposition to Plaintiff's Motion for Summary Judgment (DE [23]) is **GRANTED**.

4. Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (DE [29]) are **OVERRULED**.

5. Furthermore, the Administrative Law Judge's Decision is **AFFIRMED**.

6. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

7. Furthermore, all deadlines are **TERMINATED**, and all hearings are **CANCELLED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of June 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF