UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-61526-SINGHAL/DAMIAN

CINDY SKIBINSKY,

    Plaintiff,

v.

MARTIN J. O'MALLEY,[1]
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT [ECF NO. 37]**

THIS CAUSE is before the Court on Plaintiff, Cindy Skibinsky's ("Plaintiff"), Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act, filed January 9, 2024 [ECF No. 37] (the "Motion").[2]

The undersigned has considered the Motion, the Memorandum of Law, the supporting documents, and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney's Fees be granted, and that Plaintiff be

---

[1] On December 20, 2023, Martin J. O'Malley was appointed Commissioner of the Social Security Administration and is automatically substituted as Defendant, pursuant to Federal Rule of Civil Procedure 25(d).

[2] The Motion was referred to the undersigned on January 10, 2024, by the Honorable Raag Singhal, United States District Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). [ECF No. 38].

awarded attorney's fees in the amount of $9,910.34, after the Government determines whether Plaintiff owes a federal debt.

## I.   BACKGROUND

Plaintiff initiated this action in July 2020 by filing a Complaint under the Social Security Act seeking judicial review of the Commissioner's final decision denying Plaintiff's claims for a period of disability and disability insurance benefits. [ECF No. 1]. On June 26, 2023, consistent with the undersigned's Report and Recommendation on the parties' cross-motions for summary judgment [ECF No. 28], the Court denied Plaintiff's Motion for Summary Judgment and granted the Commissioner's Motion for Summary Judgment. [ECF No. 31].

On August 25, 2023, Plaintiff filed a Notice of Appeal of the Order denying her Motion for Summary Judgment. [ECF No. 32]. After the Commissioner filed an Unopposed Motion to Remand, the Eleventh Circuit remanded the case to the District Court (*see* ECF No. 35), following which the District Court entered an Order of Dismissal on December 18, 2023, and remanded the matter to the Commissioner for further proceedings. [ECF No. 36].

On January 9, 2024, Plaintiff filed the unopposed Motion now before the Court, requesting an award of $9,910.34 in attorney's fees as the prevailing party pursuant to the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. § 2412(d). [ECF No. 37]. In the Motion, Plaintiff's attorney, Katherine O. Palacios-Moreno, requests compensation for a total of 3.7 hours of work performed in 2020 at an hourly rate of $207.78, 23.5 hours of work performed in 2021 at an hourly rate of $217.54, 0.1 hours of work performed in 2022 at an hourly rate of $234.95, and 16.5 hours of work performed in 2023 at an hourly rate of $242.78.

*Id.* at 2. Thus, Plaintiff's fee request, based on the number of hours and the hourly rates for each year, totals $9,910.34. *Id.* Plaintiff's fee request is unopposed by the Commissioner. *Id.* at 13.

## II. DISCUSSION

### A. Entitlement To EAJA Award

The EAJA authorizes a court to grant attorney's fees to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust. 28 U.S.C. § 2412(d). To warrant the issuance of fees under the Act, five conditions must be met: (1) the party must qualify as the prevailing party in a non-tort suit involving the United States; (2) the party must file a fee application within thirty days of the final judgment; (3) the party's net worth must not have exceeded $2 million at the time she commenced the action; (4) the government's position must not have been substantially justified; and (5) no special circumstances would make an award of fees unjust. *Id.*; *see also Myers v. Sullivan*, 916 F.2d 659, 665–667 (11th Cir. 1990); *Johnson v. Kijakazi*, No. 22-81926-CIV, 2023 WL 4972924, at *1 (S.D. Fla. May 23, 2023) (Matthewman, J.).

A plaintiff in a social security appeal prevails if the court orders a "sentence four remand." *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within thirty days of the final judgment, which, if no appeal is taken, is ninety days from the judgment's entry. *Johnson*, 2023 WL 4972924, at *1; *see also* 28 U.S.C. § 2412(d)(1)(B); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30–day EAJA clock begins

3

to run after the time to appeal that 'final judgment' has expired."). Moreover, an EAJA request must allege that the Commissioner's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *see also United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

As noted above, Plaintiff is the prevailing party in this case because on December 18, 2023, the Court entered an Order of Dismissal and remanded the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 36]. Plaintiff's Motion is timely, as it was filed within ninety days from the Court's entry of the Order of Dismissal.[3] The Memorandum of Law, submitted in support of the Motion, alleges the Commissioner's position in the underlying agency action was not substantially justified, and as the Motion is unopposed, the Commissioner does not seek to show otherwise. *See* Memorandum [ECF No. 37 at 8–9]. Additionally, Plaintiff's net worth was less than $2 million when she filed the case, as demonstrated by Plaintiff's Declaration in her Motion to Proceed in District Court Without Prepaying Fees or Costs, filed July 28, 2020. [ECF No. 3]. Further, the Commissioner does not contend that this case presents a special circumstance, and none is apparent.

Thus, the undersigned finds that Plaintiff is entitled to an EAJA award. Having found

---

[3] Specifically, Plaintiff's EAJA request is due ninety days from the Court's Order of Dismissal. *See Baez v. Comm'r of Soc. Sec.*, No. 18-11952, 2019 WL 285195, at *2 (11th Cir. Jan. 22, 2019) ("Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment." (citing Fed. R. App. P. 4(a)(1)(B))); *see also Shalala*, 509 U.S. at 303 ("EAJA's 30-day time limit runs from the end of the period for appeal, not the beginning."). Plaintiff filed the Motion on January 9, 2024. [ECF No. 37].

that Plaintiff is entitled to an EAJA award, the undersigned next discusses whether the amount of fees requested is reasonable.

### B. Reasonableness of Fee Amount

The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step is "to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (alteration in original) (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34; *see also* 28 U.S.C. § 2412(d)(2)(A). The EAJA, therefore, expressly provides for a cost-of-living adjustment. *Sensat v. Berryhill*, No. 15-24727-CIV, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018) (Simonton, J.). The Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered "next to automatic." *Meyer*, 958 F.2d at 1035 n.9. The fee award is adjusted for cost of living based on the time when the services were performed, not the time when the award is made. *Sensat*, 2018 WL 5257143, at *6 (collecting cases).

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200. As a result, the hourly rates charged by competent attorneys in this market has, for some time,

5

surpassed the statutory cap of $125. *See, e.g.*, *Coyle v. Kijakazi*, No. 8:22-CV-2940-CPT, 2023 WL 5486654, at *2 (M.D. Fla. Aug. 24, 2023) (collecting cases). The undersigned therefore finds there is a sufficient basis to deviate upward from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this District and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI).[4] *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-CV-2249-T-30MAP, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, No. 08-80886-CIV, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010) (Rosenbaum, J.).[5] Thus, the undersigned finds it is reasonable to employ the CPI as a guide for determining cost of living increases under the EAJA.

A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The fee applicant bears the burden to establish that the hours for which fees are sought were "reasonably expended on the litigation." *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating

---

[4] *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost?bls (last visited January 16, 2024).

[5] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat*, 2018 WL 5257143 at *6 n.12.

the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman*, 836 F.2d at 1301).

In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306. "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. A trial court is "itself an expert" on reasonable rates, and, therefore, may consider its own "knowledge and experience" concerning reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Here, Plaintiff is represented by Katherine O. Palacios-Moreno, Esq. [ECF No. 37 at 3]. According to Ms. Palacios-Moreno's Affidavit, she has been a licensed attorney since 2013 and is currently a partner at Palacios Disability, P.A. *Id.* Plaintiff's counsel seeks a total EAJA award of $9,910.34 in attorney's fees, pursuant to the parties' agreement, for a total of 43.8 hours of work performed in prosecuting this action from 2020 to 2023. *Id.* As noted above, Plaintiff's counsel seeks an hourly rate of $207.78 for work performed in 2020, an hourly rate of $217.54 for work performed in 2021, an hourly rate of $234.95 for work performed in 2022, and an hourly rate of $242.78 for work performed in 2023. Plaintiff has provided the time

records of her attorney, which contain a detailed breakdown of the tasks performed, when the tasks were performed, and how long each task took to complete. *Id.* at 4–6.

In light of the Commissioner's lack of opposition, as well as this Court's own knowledge and experience in addressing fee matters, the undersigned finds that the total number of hours and the hourly rates claimed by Plaintiff's counsel are reasonable and adequately supported. *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell*, 112 F.2d at 144)). Plaintiff's request for $9,910.34 in attorney's fees is therefore reasonable.

The undersigned next evaluates whether the award of attorney's fees should be payable to Plaintiff or Plaintiff's attorney.

### C.  Assignment of Fees

In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a government offset to satisfy a pre-existing debt that the litigant owes to the United States. 560 U.S. 586, 589 (2010). The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596–98.

8

For an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[6] *Milanes v. Berryhill*, No. 15-CV-23171, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017) (McAliley, J.). However, the government can waive the requirements of the Anti-Assignment Act. *Sensat*, 2018 WL 5257143, at *7 n.14; *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses).

The Motion includes an Assignment of EAJA Fees executed by Plaintiff on July 24, 2020. [ECF No. 37-1] (the "Assignment"). Specifically, the Assignment states that Plaintiff "hereby assign[s] any court-awarded EAJA attorney fees to [her] attorney." *Id.* As such, the undersigned interprets Plaintiff's reference to the Assignment as a request that the award of attorney's fees be directly payable to her attorney.

---

[6] The Anti-Assignment Act states in relevant part as follows:

> [A] transfer or assignment of any part of a claim against the United States Government or . . . the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

Therefore, with such assignment in place, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, any remaining EAJA fees should be paid in Plaintiff's name but sent directly to Plaintiff's counsel.[7]

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act [ECF No. 37] be **GRANTED** and that Plaintiff be awarded $9,910.34 in attorney's fees, which should be made payable to Plaintiff, and if the Commissioner concludes that Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to Plaintiff's counsel and send the fee award directly to counsel.

The parties will have **five (5) days**[8] from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable

---

[7] The undersigned notes that the Assignment fails to comply with the Anti-Assignment Act because it: (1) was made before Plaintiff's claim for attorney's fees was allowed and the amount decided, (2) was not attested to by two witnesses, and (3) was not certified by an official. Nevertheless, the Commissioner has not objected to the Assignment or to Plaintiff's request that the fee award be paid directly to Plaintiff's counsel. However, even though the Assignment failed to comply with the requirements of the Anti-Assignment Act, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Act); *see also Milanes*, 2017 WL 3493145, at *2 (noting that the Commissioner had waived the requirements of the Anti-Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Act).

[8] The undersigned has shortened the objection period because the Motion before the Court is unopposed, and the undersigned has recommended that the full amount of fees requested be awarded.

Raag Singhal, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 5th day of February, 2024.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Raag Singhal, *U.S. District Judge*
Counsel of Record